IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JAN ALEC WEITH, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>SAN FRANCISCO POLICE DEPARTMENT, CITY & COUNTY OF SAN FRANCISCO,<br><br>    Defendants.<br>_____/ | CASE NO. 4:10-CV-04701 DMR<br><br>**ORDER DENYING EX PARTE APPLICATION FOR IMMEDIATE RELEASE OF PETITIONER/PLAINTIFF AND DISMISSING COMPLAINT** |

    On October 18, 2010, Plaintiff Alec Jan Weith filed a Complaint and Application to Proceed *In Forma Pauperis* before this Court, in which he named the San Francisco Police Department and the City and County of San Francisco as Defendants. *See* Dockets Nos. 1 & 2. In his one-sentence complaint, Mr. Weith alleged that Defendants discriminated against him and violated the Americans with Disabilities Act. On January 13, 2011, the Court granted Mr. Weith *In Forma Pauperis* status, but dismissed the Complaint without prejudice and with leave to amend. *See* Docket No. 12. The

1  Court allowed Mr. Weith until March 31, 2011 to file an amended complaint, ordering that his
2  failure to so file would result in dismissal of the suit for failure to prosecute.
3        On March 8, 2011, Mr. Weith filed an Application for Ex Parte Order for the Immediate
4  Release of Petitioner/Plaintiff. *See* Docket No. 14. In that filing, Mr. Weith simply requests that he
5  be provided "copies of [the] entire case file," alleging that his copies have been "lost and stolen
6  from the jail." *Id*. Mr. Weith's Ex Parte Application also includes a single reference to "Equal
7  Protection i.e. malicious prosecution," with no explanation as to the meaning of that sentence.
8  Attached to Mr. Weith's Ex Parte Application are also included two exhibits. The first appears to be
9  a booking form for Mr. Weith from the San Francisco Sheriff's Department and a sheet of paper
10 with a series of numbers scribbled onto it. The second exhibit appears to be a form from the City
11 and County of San Francisco with information for retrieving property from the police. On that
12 form, Mr. Weith has written a series of notes in which he states that his apartment in North Beach
13 and truck were taken from him, that he was illegally evicted, that he was beaten by "[the] SFPD
14 Sheriff" and "[the] Police Chief's security staff," that he was falsely charged, and that "the District
15 Attorney (former police chief George Gascon) the SFPD (Defendant in my lawsuit along with
16 George Gascon + Officer Alvarez et al) have ignored my pleas for protection from being assaulted."
17 *Id*.
18       Mr. Weith's Ex Parte Application does not appear to be an amended complaint as required
19 by the Court's January 12, 2011 order, even when liberally construed, and so his case must be
20 dismissed for failure to prosecute. Moreover, even were his filing deemed an amended complaint, it
21 contains scant and conclusory factual allegations and therefore fails "to state a claim to relief that is
22 plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570 (2007). As Mr. Weith
23 has now been given over four months to amend, it appears that no amendment can cure the defect in
24 his Complaint and that dismissal without leave to amend is appropriate. *See Franklin v. Murphy*,
25 745 F.2d 1221, 1228 n.9 (citations omitted). Therefore, the Complaint must be dismissed with
26 prejudice and without leave to amend. Additionally, the Application for Ex Parte Order for the
27 Immediate Release of Petitioner/Plaintiff, which seeks relief that the Court lacks jurisdiction to
28 provide, must be denied as moot.

1    IT IS SO ORDERED.

2

3    Dated: May 18, 2011

4
                                          _____
5                                         DONNA M. RYU
                                          UNITED STATES MAGISTRATE JUDGE
6